# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JACQUELINE K. REYES,

      Debtor.

Case No. 10-16828-RGM
(Chapter 13)

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the debtor's request for an extension of time within which to obtain credit counseling. This is the debtor's third bankruptcy case. The first case, Case No. 09-13283 was filed as a chapter 13 case on April 27, 2009. The debtor's plan was denied confirmation and the debtor converted the case to a proceeding under chapter 7. The debtor was granted a discharge on November 16, 2009. The court notes that the debtor obtained credit counseling in that case and filed the certificate of counseling on April 27, 2009.

The debtor filed her second case on April 5, 2010, under chapter 13, Case No. 10-12636. The case was dismissed by an order entered on May 28, 2010, (Docket Entry 19), which dismissed the case with prejudice to re-filing for a period of 180 days, that is, on or before November 24, 2010. In that case, she requested a deferral of her credit counseling requirement asserting that she had "decided to file at the last min. to stop a foreclosure". The motion was granted and the time to obtain credit counseling was extended to May 5, 2010. No credit counseling was obtained and the case was dismissed with prejudice.

This case was filed on August 13, 2010. The debtor again requested an extension of time within which to obtain credit counseling. The reason given was that the debtor "had to file at the last minute due to a foreclosure on his house". This was the same reason given in the second proceeding. The court notes that Virginia law requires at a minimum two weeks notice prior to a

foreclosure sale.  In light of the debtor's knowledge of the credit counseling requirement as evidenced by obtaining credit counseling in the first case and requesting an extension in the second case, the debtor was well aware of the necessity of obtaining credit counseling.  She had a reasonable opportunity to obtain it.  The request for an extension of time within which to obtain credit counseling will be denied.

The court notes that the second case was dismissed with prejudice to re-filing for a period of 180 days.  This case was filed within that period of time.  An order to show cause will issue against the debtor to show cause why she should not be held in contempt of this court for having filed a petition after been prohibited from doing so.  It is, therefore

ORDERED:

1. The request for an extension of time within which to obtain credit counseling is denied.

2.  The automatic stay imposed by §362 of the United States Bankruptcy Code is immediately terminated as to the debtor, the trustee, and all property of the estate.

3. The clerk will not dismiss this case except upon further order of the court.

DONE at Alexandria, Virginia, this 19th day of August, 2010.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

United States Trustee

Copy mailed to:

Jacqueline K. Reyes
13513 Kingsman Road
Woodbridge, Virginia 22193

16227